[Civ. No. 7404. Third Dist. June 11, 1948.]

EAST COALINGA OIL FIELDS CORPORATION (a Corporation), Plaintiff and Respondent, v. C. RAY ROBINSON et al., Defendants and Respondents; JENNIE A. McARTHUR, Appellant.

162

Courtney L. Moore for Appellant.

C. Ray Robinson, in pro. per., Margaret A. Flynn and W. Eugene Craven for Respondents.

PEEK, J.—This is a companion appeal by Jennie A. McArthur from the judgment referred to in case number 7416, *ante*, page 153 [194 P.2d 554], to which reference is made for a statement of the pleadings.

Appellant McArthur by her answers to the complaint and cross-complaint denied generally the allegations of each and affirmatively alleged that one Ira L. Goodrich, for a valuable consideration, sold to her on February 3, 1925, an undivided one-half interest in and to his one share represented by stock certificate number 5 of said corporation; that the then secretary of said corporation, Henry Hawson, by an instrument in writing for and on behalf of said corporation, certified to the number of shares outstanding, the ownership of Goodrich in certificate number 5, and that the assignment of an undivided interest to said defendant McArthur would be entered on the books of said corporation. She further alleged that plaintiff corporation was guilty of laches; that the officers of said corporation had knowledge of said assignment; that a large portion if not all of the money paid by her to Goodrich was used by and for the benefit of said corporation, and that it is now estopped to deny this defendant's title. The answer concluded with a prayer that she be decreed to be the owner of a one-half share of stock in said corporation, "and that

should authority be obtained for an increase of the stock issue this defendant is entitled to have issued to her from the said corporation such numbers of shares as will equal one-half ($\frac{1}{2}$) of one-fifth (1/5) of the total number of shares issued by the corporation.''

Appellant's argument in support of her first contention: that the corporation was bound by the acts and liable for any damage resulting from the dereliction of duty by the secretary of plaintiff corporation who through carelessness or through fraudulent intent failed to enter the assignment from Goodrich to McArthur on the books of the corporation, is wholly without pertinence. It completely ignores the fact that appellant has not sued for damages but merely has prayed for a declaration that she is the owner of a one-half interest in one share of stock, and that, should authority be obtained by the respondent corporation for the issuance of further shares, she be issued a proportionate number of shares. It therefore becomes unnecessary to consider this contention, raised by appellant for the first time on appeal, or the answer of respondents thereto, which appears to be sound, that any such action for damages would be barred by laches.

Appellant's second contention is that when the transaction between herself and Goodrich took place it was not necessary to endorse the certificate in order to transfer title, and therefore she became a stockholder in the plaintiff corporation. Here it should be noted that appellant admits that the assignment, by Goodrich to her of a one-half interest in certificate number 5, and upon which she predicates her claim, was never endorsed on the certificate and was never entered on the books of the corporation nor was any certificate ever issued to her.

The circumstances by which said appellant claims title to one-half share of the stock of the corporation are as follows:

In 1925, certificate number 5 for one share of stock in plaintiff corporation stood in the name of and was owned by one Ira L. Goodrich. In February of that year Goodrich assigned and transferred a one-half interest in said share to appellant McArthur by a separate instrument in writing to which was appended a certification by Henry Hawson, then secretary of the corporation, that the assignment was duly entered upon the books and records of the corporation. It is admittedly the fact, however, that the assignment was never entered on the books and that no certificate was ever issued

to appellant McArthur. Subsequently in March, 1930, Goodrich transferred this same share to Henry Hawson by an endorsement of the certificate and the transfer was entered on the books of the corporation. On February 28, 1936, certificate number 5 was endorsed by Elsie T. Hawson, as executrix of the estate of Henry Hawson, deceased, to George Schwinn, who endorsed and assigned the share to one Van Duyn. On September 2, 1938, certificate number 11 was issued to Van Duyn replacing certificate number 5. On October 8, 1938, Van Duyn endorsed certificate number 11 and transferred it to C. Ray Robinson, respondent herein, who, on November 15, 1938, surrendered certificate number 11 and was issued certificate number 19.

In this connection it should be noted that this appellant specifically admits that respondent Robinson is an innocent purchaser for value who acquired his stock in good faith and without knowledge of any fraud either by Goodrich or the secretary of respondent corporation.

A corporation might be liable to respond in damages as an alternative for its failure or inability to issue the shares demanded. However, in the present case, damages were not requested, and, so far as is disclosed by the record, no showing was made that the certificates set forth and described in plaintiff's complaint are not the only authorized and outstanding shares of stock of plaintiff corporation. Under such circumstances the court would have no power to compel plaintiff to issue shares of stock in excess of the authorized issue. (See 11 Fletcher Cyc. Corp., § 5165.)

Regarding the validity of the assignment in 1925 by Goodrich to McArthur, section 324 of the Civil Code then provided in part:

". . . shares of stock . . . may be transferred by indorsement . . . and the delivery of the certificate; but such transfer is not valid, except as to the parties thereto, until the same is so entered upon the books of the corporation . . ."

At that time the by-laws of respondent corporation also provided in part:

". . . no transfer [of stock] shall be valid until the surrender of the certificate and the acknowledgment of such transfer on the books of the company."

The case of *Young* v. *New Pedrara Onyx Co.*, 48 Cal. App. 1 [192 P. 55], upon which appellant primarily relies would be applicable and controlling if applicant were pro-

ceeding against Goodrich but such is not the situation here. In the cited case it was held that said section 324 was for the protection of the corporation and those who claim under persons to whom certificates were originally issued; that it merely provided a method whereby the transfer might be made but that it did not prohibit other means. In other words the method provided by statute was cumulative. Therefore as between the parties a transfer of shares of stock could be made in any lawful manner other than that provided by said section 324. Or, as the court therein stated at page 14: "Shares of stock are personal property, and there is no reason why, *as between the parties,* they cannot be transferred as any other personal property." (Accord: *Crocker* v. *Crocker,* 84 Cal.App. 114 [25 P. 611].)

The judgment is affirmed insofar as the interests of the defendant and appellant McArthur are concerned.

Adams, P. J., and Thompson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 5, 1948.